# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1971V

EILEEN SMESTAD,

                 Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                 Respondent.

Chief Special Master Corcoran

Filed: March 26, 2024

*Jessica Olins, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Adam Nemeth Muffett, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On December 23, 2020, Eileen Smestad filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA") causally related to the influenza ("flu") vaccine she received on October 25, 2019. Petition at 1, ¶¶ 6, 16, 18. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 10, 2023, I Issued a ruling on entitlement, finding Petitioner entitled to compensation for her SIRVA. On March 26, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $76,570.35, representing compensation in the amounts of $75,000.00 for pain and suffering and $1,570.35 for past unreimbursable expenses. Proffer at 1-2. In the Proffer, Respondent

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $76,570.35, representing compensation in the amounts of $75,000.00 for pain and suffering and $1,570.35 for actual unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| EILEEN SMESTAD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 20-1971V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 23, 2020, Eileen Smestad ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on October 25, 2019. Petition at 1-2. On May 2, 2022, respondent filed a Rule 4(c) Report contesting, among other things, that petitioner was administered the flu vaccine in the right shoulder. ECF No. 25. On March 14, 2023, the Court issued a factual ruling, finding that the flu vaccine was most likely administered in Petitioner's right shoulder, as alleged, and that onset of Petitioner's pain occurred within 48 hours of vaccination. ECF No. 33. On August 9, 2023, respondent filed an amended Rule 4(c) Report, indicating that, in light of factual ruling, he would not contest that petitioner suffered a SIRVA as defined by the Vaccine Injury Table. ECF No. 41. On August 10, 2023, the Chief Special

Master issued a Ruling on Entitlement, finding petitioner entitled to compensation. ECF No. 42. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

## I.   Items of Compensation

### A.   Pain and Suffering

Respondent proffers that petitioner should be awarded $75,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,570.35. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.   Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $76,570.35 in the form of a check payable to petitioner.

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Chief Special Master's March 14, 2023 factual ruling that was the basis for the August 10, 2023 Ruling on Entitlement. This right accrues following the issuance of a Decision on Damages.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

**III.** **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Eileen Smestad: **$76,570.35**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

*/s/ Adam N. Muffett*
ADAM N. MUFFETT
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 860-9935
Adam.muffett@usdoj.gov

Date: March 26, 2024